SOUTHPORT MILL, LTD., PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 1676. Promulgated September 26, 1928.

*E. Barrett Prettyman, Esq.*, for the petitioner.
*M. N. Fisher, Esq.*, for the respondent.

MURDOCK: The petitioner in this case took an appeal from the original decision of this Board to the Circuit Court of Appeals for the Fifth Circuit which court affirmed our decision wherein we excluded certain amounts from the petitioner's invested capital. The two final paragraphs of the opinion of the court were as follows:

Petitioner contends that the accrued interest provided in the agreement would equal the amount of the deficiency for which it was held liable, and therefore that the decision under review was erroneous. Whether the amounts should be treated as invested or borrowed capital was the question at issue. Petitioner did not proceed before the Board of Tax Appeals upon the theory that it was entitled to deduct interest from income.

The decision under review is affirmed without prejudice to petitioner to make application to the Board of Tax Appeals for an allowance for interest on borrowed capital.

Thereafter the petitioner made application to the Board for an allowance for interest on borrowed capital and it is with this application that we are now concerned.

When the Circuit Court of Appeals stated that the decision under review was "affirmed without prejudice to petitioner to make appli-

cation to the Board of Tax Appeals for an allowance for interest on borrowed capital," it issued no mandate but simply stated in unmistakable language that the court would have no objection if the petitioner applied to the Board for an allowance for interest. We can not see in the language used any direction that we should do anything save consider the matter of the application and use our best judgment on all matters pertaining thereto as we would had no appeal been taken from our decision.

After careful consideration the Board indicated by rules, decisions, and various orders that it thought the interests of all concerned would be best served if the Board limited its decisions to questions raised by the pleadings. After four years, during which many thousands of cases have been heard and disposed of, adherence to this method has been fully justified. During all of this time we have tried to confine ourselves to the decision of the issues raised by the parties in their pleadings and, except where absolutely necessary, to decide no other issue lest thereby we prejudice the rights of one or the other of the parties before us.

The question of a deduction for interest was never raised or attempted to be raised in the pleadings in this case either by amendment or otherwise. The case was tried and decided without giving any consideration to such a question. To date no attempt has been made to amend the pleadings to raise such an issue. Indeed, our practice has been to deny requests to amend or to offer additional evidence after final decision, since otherwise we would be overwhelmed by demands for new hearings as often as either party thought of a new point. Though it was held that certain items on the petitioner's books were not invested capital, it does not necessarily follow as a corollary and we can not hold that the petitioner is entitled to a deduction for interest which it now claims accrued on those items.

Futhermore, neither the evidence in the case nor the facts found by the Board or recited or commented on by the court establish the right of the petitioner to the deduction claimed. The issue relating to invested capital was not affected by the method of keeping books or of reporting income used by the petitioner. Prior to our decision no evidence was offered for the purpose of proving what either of these methods was and we did not find as a fact what either method was. Proof of these methods is essential to a decision of the interest-deduction question.

If there is a liability to pay interest by one keeping its books and reporting its income on an accrual basis, a deduction is proper in the year when the interest accrues. In the present case the petitioner paid nothing to its stockholders for the use of any amount which

they left with it. So far as we know, it never admitted any liability to pay interest on such amounts and never entered any such liability on its books. Its reason for this was, apparently, that it never believed that it was liable to pay interest on any of the amounts left with it by its stockholders. In regard to $100,000 received from Geohagan, we do not know what the original agreement was. The agreement relating to $197,500, supposed to have been left by certain stockholders, provided for the payment of 6 per cent on deferred dividends, but this provision was never carried out. If during the taxable years the petitioner had no liability to pay anything for the use of the money, it would not be entitled to any deduction for accrued interest. Under all of the facts and circumstances in this case we do not know that during all or a part of the taxable years there was a liability on the part of the petitioner to pay interest on the amounts left with it by its stockholders.

As indicated in our original opinion, we are not satisfied that the petitioner really had the $197,500 which was supposed to have been left with it by certain stockholders. There is an indication in the record that these stockholders really received the dividend in cash and merely loaned to the corporation their credit in the amount of the dividend by allowing the corporation to carry corresponding amounts in accounts receivable from them. If they did not actually leave the money with the corporation the latter certainly failed to show that it owed interest to the stockholders.

Reviewed by the Board.

*Order will be entered denying the application.*